**SUPERIOR COURT**
**OF THE**

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**TELEPHONE (302) 856-5264**

February 27, 2015

Alexander W. Funk, Esquire
Curley & Benton, LLC
250 Beiser Blvd., Suite 202
Dover, DE 19904-7790

Gary R. Klaft
SBI# 004
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

RE: *State of Delaware v. Gary R. Klaft*, Def. ID# 1302019245 R-1

DATE SUBMITTED: February 2, 2015

Dear Mr. Funk and Mr. Klaft:

Pending before the Court is the motion of Gary R. Klaft ("defendant") for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] Alexander W. Funk, Esquire, was appointed as counsel to represent defendant in connection with this motion. Postconviction counsel has filed a motion to withdraw pursuant to Rule 61(e)(2). Defendant has been given the opportunity to respond to postconviction counsel's submission but he has not submitted

---

[1]The applicable version of Rule 61 is that which went into effect on May 6, 2013. A copy of that version of the rule is enclosed with this decision.

1

anything. The motion so clearly is meritless that the Court does not need submissions from trial counsel or the State of Delaware ("the State"). This is my decision denying the motion for postconviction relief.

On or about March 4, 2013, defendant was arrested on the following charges: rape in the second degree without consent in violation of 11 *Del. C.* § 772; sex offender unlawful sexual conduct against a child in violation of 11 *Del. C.* § 777A (two counts); sexual exploitation of a child in violation of 11 *Del. C.* § 1108; unlawful dealing in child pornography in violation of 11 *Del. C.* § 1109; rape in the fourth degree in violation of 11 *Del. C.* § 770; and unlawful sexual contact 2nd degree in violation of 11 *Del. C.* § 768. The information filed against him charged him with sex offender unlawful sexual conduct against a child in violation of 11 *Del. C.* § 777A (2 counts); sexual exploitation of a child in violation of 11 *Del. C.* § 1108; unlawfully dealing in child pornography in violation of 11 *Del. C.* § 1109; and unlawful sexual contact in the second degree in violation of 11 *Del. C.* § 768.

On August 7, 2013, defendant pled guilty to a count of rape in the fourth degree (a lesser included offense of the charge of sex offender unlawful sexual conduct against a child) as well as to a count of sex offender unlawful sexual conduct against a child. He was to be sentenced as a habitual offender on the rape fourth conviction. At the time of the plea, trial counsel explained that she had been over the habitual offender paperwork and defendant qualified to be sentenced as such.

After being placed under oath, defendant verified the following information. He had had enough time to talk with his attorney about the case; he was satisfied with her representation and had no complaints; he had reviewed the plea agreement and Truth-in-Sentencing Form ("TIS

2

Form") and his attorney had explained the information in those forms to him; as to the TIS Form, trial counsel read the questions to him and he provided honest answers to those questions; trial counsel explained the charges to which he was pleading guilty; trial counsel reviewed the evidence and penalties of law with him; he understood the sentence he was facing pursuant to the plea; he understood he was to be declared an habitual offender and he could be jailed for the rest of his life based upon that declaration; he understood that such a declaration would mean that he could be facing a life sentence should he be convicted of other crimes and sentenced in the future; and he understood that his probation on the sex offender unlawful sexual conduct against a child conviction will be longer than usual to protect the safety of potential victims in the community. By signing the guilty plea and TIS Form, defendant affirmed the following:

* He was freely and voluntarily pleading guilty;

* He was not threatened or forced into pleading guilty;

* He understood he was waiving his Constitutional trial rights;

* He understood the potential prison sentence;

* He was satisfied with his trial counsel's representation of him;

* He understood all of the information contained in the forms; and

* His answers were truthful.

Defendant admitted to the crimes. The Court found defendant was "making a knowing, intelligent, and voluntarily [sic] decision"[2] and entered judgments of conviction. Additionally, after review of the petition seeking to have defendant declared an habitual offender, the Court declared him to be such as to the rape in the fourth degree conviction.

_____

[2]Transcript of August 7, 2013 Proceedings (Docket Entry 24) at 15.

3

Defendant offered nothing when the Court provided him with the opportunity to speak.

The Court sentenced defendant as follows.[3] As to the rape in the fourth degree conviction, he was sentenced to 15 years at Level 5 with credit for 173 days previously served, and this sentence was imposed pursuant to 11 *Del. C.* § 4214(a). As to the conviction for sex offender unlawful sexual conduct against a child, the defendant was sentenced to 25 years at Level 5, suspended after serving 5 years at Level 5 for 20 years at Level 3 probation. The Court imposed various conditions as required by statute and the plea agreement.

Defendant did not appeal the convictions or sentence. Within a month of sentencing, however, he filed a motion for modification of his sentence. The Court denied the motion.

On December 12, 2013, defendant filed the pending motion for postconviction relief. He asserts the following.

Ground one: Ineffective Assistance of counsil [sic]

Counsel filed no motion on my behalf, counsel did not challenge admissibility of evidence seized illegally, guilty plea was flawed due to counsel less than falible [sic] representation of myself to only viable defense.

Ground two: Conflict of interest

Counsel has represented the victims [sic] family members + was known to victim giving credence (or at least the appearance) of conspiracy or collusion. I did not know this until after all was said + done.

Ground three: Failure to investigate mental health patient records evaluation upon numerous requests by myself. Atty refused to request mental health evaluation or research my mental health issues. Direct appellant [sic] [unintelligible] mandates court shall set aside and remand.

Postconviction counsel reviewed the court record, trial counsel's file, all discovery

---

[3]The Court also imposed a sentence on a violation of probation on another case; that sentence is irrelevant to these proceedings.

relative to the case, including all police reports and DVD interviews of defendant as well as the applicable law. He determined defendant had no meritorious claims. He then moved to withdraw pursuant to Superior Court Criminal Rule 61(e)(2).

I set forth the guiding legal principles before turning to defendant's claims. As explained in *Purnell v. State:*[4]

> To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the familiar two-part test of *Strickland v. Washington.* FN 15 "In the context of a guilty plea challenge, *Strickland* requires a defendant to show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." FN 16
>
> > FN 15 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
> >
> > FN 16 *Somerville v. State*, 703 A.2d 629, 631 (1997) (internal quotation marks omitted) (citing *Albury v. State*, 551 A.2d 53 (1988)).
>
> Additionally,
>
> There is a strong presumption that counsel's representation was professionally reasonable. Conclusory and unsupported claims of prejudice are insufficient to establish ineffective assistance; a defendant must make and substantiate concrete claims of actual prejudice. [Footnotes and citations omitted].[5]
>
> Furthermore,
>
> In the absence of clear and convincing evidence to the contrary, ... [defendant] is bound by his answers on the Truth-in-Sentencing Guilty Plea Form and by his sworn testimony prior to the acceptance of the guilty plea.[6]

---

[4]100 A.3d 1021, 2014 WL 4536558, * 2 (Del. Sept. 12, 2014) (Table).

[5]*Sartin v. State*, 103 A.3d 515, 2014 WL 5392047, *2 (Del. Oct. 21, 2014) (Table).

[6]*Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

"[A] voluntary guilty plea constitutes a waiver of any alleged errors occurring before the entry of the plea."[7] Furthermore, defendant's guilty plea constitutes a waiver of all constitutional trial rights and the right to challenge any alleged violations of his constitutional rights or to challenge any of the evidence that would have been presented against him at trial or, in other words, to raise any errors or defects preceding the entry of the plea.[8]

Defendant's claims assert ineffective assistance of counsel in several respects. The motion, which was timely filed,[9] is not procedurally barred, as, in general, ineffective assistance of counsel claims cannot be raised at trial and on appeal.[10]

Defendant claims that trial counsel was ineffective because she did not file motions on his behalf and did not challenge the admissibility of evidence seized illegally. Thus, the guilty plea was flawed.

The assertion that trial counsel did not file motions on his behalf is vague and conclusory and thus, fails,[11] except to the extent the Court considers defendant's argument to be that trial counsel did not file a motion to suppress on the ground that the evidence was illegally seized. Postconviction counsel explains the following. He reviewed defendant's file in detail for potential pretrial motions and even if they had been filed, they would not have been successful. Defendant admitted to sexual contact with the victim and the police recovered incriminating

---

[7]*Purnell v. State*, *supra,* at *3 (footnotes and citations omitted).

[8]*Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

[9]Rule 61(i)(1).

[10]*Malloy v. State*, 16 A.3d 938, 2011 WL 1135107, *2 (Del. March 28, 2011) (Table).

[11]*Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

6

evidence from defendant's phone. This evidence would not have been suppressed. First, there was no basis for challenging defendant's statement. Defendant was advised of his *Miranda* rights and he waived them and gave a statement "that amounted to a confession of sexual intercourse with a minor under the legal age of consent."[12] The police searched the phone after obtaining a warrant based upon a search warrant application which "contained sufficient information to allow a neutral and detached magistrate to draw the conclusion that there was probable cause to believe (1) that a crime had occurred, (2) that the *Movant* had committed such crime, and (3) that evidence of the crime (or crimes) would be contained within the *Movant's* cell phone."[13] The fact that a non-state actor had accessed the phone before the search did not give rise to Fourth Amendment protections.

Trial counsel need not file meritless, frivolous motions, and in fact, she had an obligation not to do so.[14] Defendant has failed to establish trial counsel was ineffective in not filing a motion to suppress. This claim fails.

Defendant's next claim is that trial counsel had a conflict of interest because she has represented the victim's family members in the past and thus, there was some appearance of conspiracy or collusion. This claim is vague and conclusory and thus, is dismissed.[15]

Defendant's final claim is that trial counsel was ineffective because she failed to

---

[12]Postconviction Counsel's Motion to Withdraw at 10-11.

[13]*Id.* at 11.

[14]*State v. McGlotten*, 2011 WL 987534, * 11 (Del. Super. March 21, 2011), *aff'd,* 26 A.3d 214, 2011 WL 3074790, *4 (Del. July 25, 2011) (Table).

[15]*Younger v. State*, *supra*.

investigate his mental health records and she failed to have him evaluated, despite his requests that she do so. This claim, too, is vague and conclusory, and thus, must fail.[16]

No need exists for a hearing in this matter as the record and the law clearly dictate the resulting decision on defendant's pending motion.

For the foregoing reasons, the motion for postconviction relief fails and postconviction counsel's motion to withdraw is granted.

IT IS SO ORDERED.

Very truly yours,

*/s/ Richard F. Stokes*

Richard F. Stokes

cc: Prothonotary's Office
    John Donahue, IV, Esquire
    Stephanie Tsantes, Esquire

---

[16]*Id.*